UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTY JEAN SAFFORE,

    Plaintiff,

v.                                                           Case No. 1:17-cv-201
                                                           Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her claim for disability insurance benefits (DIB).

Plaintiff alleged a disability onset date of October 30, 2013. PageID.204. Plaintiff identified her disabling conditions as: congestive heart failure; lupus; hypertension; and five hip surgeries. PageID.208. Prior to applying for DIB, plaintiff completed two years of college (including an accounting certificate) and had past employment as a credit clerk, loss prevention analyst, and stock control clerk. PageID.61, 209. An Administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on June 3, 2016. PageID.50-63. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.     ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 30, 2012, and meets the insured status requirements of the Social Security Act through December 31, 2018. PageID.53.

At the second step, the ALJ found that plaintiff had severe impairments of: obesity, congestive heart failure/cardiomegaly; hypertension; lupus; coronary artery disease (status-post bypass surgery and rewiring of the sternum), lumbar degenerative disc disease with spondylolisthesis; thoracic dextroscoliosis; and a history of hip replacements. PageID.52. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.54.

The ALJ decided at the fourth step that:

> [C]laimant has the residual functional capacity to perform a range of sedentary work as defined in 20 CFR 404.1567(a) of the Regulations. The claimant is able to lift, carry, push, and pull up to ten pounds frequently. She is able to stand or walk for two hours in an eight-hour workday, and to sit for six hours in an eight-hour workday. She cannot use ladders, ropes, or scaffolds and can occasionally climb ramps and stairs. She can perform occasional balancing, stooping, kneeling, crouching, and crawling. There can be occasional exposure to extremes of heat, cold, and humidity, and occasional exposure to vibrations, fumes, odors, dusts, gases, and poor ventilation. The claimant cannot work at unprotected heights or with dangerous moving machinery.

PageID.55. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.61.

At the fifth step, the ALJ determined that plaintiff's past relevant work as a stock control clerk was skilled. PageID.62. The ALJ asked the vocational expert (VE) if any occupations exist which could be performed by an individual with the same age, education, past relevant work experience, and residual functional capacity (RFC) as plaintiff, and which require skills acquired in the claimant's past relevant work but no additional skills. PageID.62. The VE testified that such an individual could perform the sedentary job of inventory control clerk, and that 52,000 such jobs exist in the national economy. PageID.63. Based on the VE's testimony, the ALJ concluded "that the claimant has acquired work skills from past relevant work that are transferable to other

4

occupations with jobs existing in significant numbers in the national economy." PageID.63. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from October 30, 2013 (the alleged onset date) through June 3, 2016 (the date of the decision). PageID.63.

### III. DISCUSSION

Plaintiff set forth two issues on appeal:

**A. The ALJ committed reversible error by not properly weighing the medical evidence.**

Plaintiff contends that the ALJ failed to properly weigh the medical evidence of her treating physician, David Blair, M.D.[1] A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence

---

[1] While plaintiff mentions some findings of Dr. Hillelson, she does not construct an argument addressing the ALJ's evaluation of this examining physician.

5

that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. §§404.1527(c)(2) and 416.927(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

The ALJ addressed Dr. Blair's opinions as follows:

> On February 22, 2016, treating physician David Blair, MD, opined that, at one time, the claimant could sit for 15 minutes, stand for five minutes, and walk for five minutes. In an eight-hour day, the claimant could sit for three hours, stand for two hours, and walk for two hours. The claimant needed to change positions every 15 minutes and could walk effectively. She could lift and carry up to five pounds frequently and up to ten pounds occasionally. These limitations had existed since 2004. The claimant could occasionally stoop, reach above shoulder level, climb stairs, and crouch. She could never kneel, squat, climb ladders, ropes, or scaffolds, or crawl (since 2013). The claimant could occasionally handle and finger, and frequently feel (since 2004). The claimant cannot use foot controls, can only occasionally push/pull, operate hand controls, and occasionally work with motor vehicles and never work at unprotected heights, with dangerous moving machinery, at temperature extremes, humidity, wetness, pulmonary irritants, and vibration (since 2004). The claimant has limitations in the ability to hear, speak, and balance (since 2004); her vision was corrected. Dr. Blair indicated that the claimant had lupus, congestive heart failure, renal insufficiency and coronary artery disease. The claimant was weak, medically ill, and unfit to work (Exhibit 27F).
>
> Pursuant to SSR 96-02p, a treating source's opinion may be entitled to controlling weight if it is well supported by medically acceptable clinical and

laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record. In the instant case, Dr. Blair's opinion in Exhibit 27F cannot be given controlling weight because it is not consistent with the medical evidence of record. I assign partial weight to this opinion.

> The limits to lifting occasionally ten pounds, no use of ladders, ropes, and scaffolds, and no work with dangerous moving machinery or at unprotected heights are consistent with the medical evidence of record. However, almost all of the other proposed restrictions are inconsistent with the medical evidence of record, including the physician's own examinations or the lack of examination findings pertaining to the proposed limitations. Although Dr. Blair is the claimant's longtime primary care physician, he is not a specialist in the areas of the claimant's impairments. The statement that the claimant is unfit to work is vague. The opinion of needing a sit/stand option and ruling out many postural and environmental functions is not supportable or consistent with the medical evidence of record over many areas. For instance, objective tests show good cardiac function (Exhibits 10F/1, 2F/26). There had been no significant drop in ejection fraction until February 2014, which followed the bypass surgery in November 2013. However, cardiac function returned to normal by July of 2014 when she denied experiencing dyspnea with exertion, a lack of energy, or muscular aches and pains (Exhibit 10F/23). Since the alleged disability onset date, the lupus has been under good control (Exhibit 2F/24). Dr. Blair's own exams are very limited and generally do not involve the areas of function upon which he is opining and these limited examinations do not provide support for the limitations he recommended (Exhibits 1F/5, 17, 6F/1, and 17F/1, 6). The medical evidence of treatment provides no support for some of Dr. Blair's proposed limitations such as the limitations of speech and hearing. Dr. Blair did not explain why or how the claimant was limited in speech or hearing.

PageID.60-61.

In reviewing this opinion, the Court is mindful of the ALJ's findings that plaintiff worked for many years with these medical conditions:

> The claimant has lupus and she did a light exertion job for years. The treatment for lupus has also been largely unchanged for years. Although the claimant reported that she is being referred to a new rheumatologist, she has not seen a specialist in the past five years. The medical evidence of record does not support the contention of severe lupus related pain.
>
> There is a history of multiple hip replacements with the claimant reporting a total of seven hip surgeries. The record reflects hip replacements in 1997 and 2003 with a re-do surgery in 2011. After these surgeries, the claimant performed a job that required a fair amount of walking (Exhibits 14F/1 and 17F). There has been no significant treatment for either hip since the alleged onset date. . . .

7

> The record suggests the claimant's allegedly disabling impairments were present prior to the alleged onset date. The claimant has been able to perform a light exertional job for years with her lupus symptoms and hip conditions present. The fact that the impairments did not prevent the claimant from working at that time strongly suggests that it would not currently prevent work. After the claimant's cardiac surgery, she said she wanted to go back to work, but her previous employer had eliminated her job. After the denial of her disability application, the claimant reports that she applied for jobs. Furthermore, Exhibit 7D reflects that the claimant filed for and received unemployment compensation. These actions are inconsistent with a claim of total disability.

PageID.59.

Based on a review of the record, the Court concludes that the ALJ gave good reasons for the weight assigned to Dr. Blair's opinions. The ALJ accepted the doctor's restrictions with respect "to lifting occasionally ten pounds, no use of ladders, ropes, and scaffolds, and no work with dangerous moving machinery or at unprotected heights are consistent with the medical evidence of record" and incorporated these into the RFC. However, the ALJ did not accept the doctor's opinion regarding plaintiff's need to change position every 15 minutes, limitations on sitting, standing and walking, postural limitations and environmental limitations. One reason for discounting the doctor's opinion with respect to sitting, standing and walking, was that plaintiff worked for years with these conditions (multiple hip surgeries, lupus, and cardiac conditions). The ALJ also found the doctor's explanations vague. In this regard, the doctor did not identify any "medical findings" or "attach pertinent clinical notes or test results" to support his opinions regarding plaintiff's abilities to sit, stand or walk. PageID.1117. Accordingly, plaintiff's claim of error will be denied.

> **B. The ALJ did not have substantial evidence to support her finding that plaintiff's allegation of disability were not fully credible.**

Plaintiff contends that the ALJ's credibility determination was flawed for a variety of reasons including the following: the ALJ found that plaintiff wanted to return to work, applied

8

for work and received unemployment; the ALJ improperly considered plaintiff's daily activities; and, the ALJ failed to consider plaintiff's long work history. An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters*, 127 F.3d at 531. "It [i]s for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston*, 245 F.3d at 536, quoting *Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The threshold for overturning an ALJ's credibility determination on appeal is so high, that in recent years, the Sixth Circuit has expressed the opinion that "[t]he ALJ's credibility findings are unchallengeable," *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 113 (6th Cir. 2010), and that "[o]n appeal, we will not disturb a credibility determination made by the ALJ, the finder of fact . . . [w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility." *Sullenger v. Commissioner of Social Security*, 255 Fed. Appx. 988, 995 (6th Cir. 2007). Nevertheless, an ALJ's credibility determinations regarding subjective complaints must be reasonable and supported by substantial evidence. *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 249 (6th Cir. 2007).

The ALJ found that plaintiff was not entirely credible and that her actions were inconsistent with the alleged disability. As discussed, plaintiff has been able to perform a light exertional job for years with her lupus symptoms and hip conditions present. In addition, plaintiff filed for and received unemployment benefits, actions which indicate that she had the capacity to work. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir. 2004) ("Applications for unemployment and disability benefits are inherently inconsistent."). Plaintiff's

9

also makes a brief reference to an August 2010 memorandum from the Chief Administrative Law Judge of the Social Security Administration "which specifically ruled that the receipt of unemployment benefits is not preclusive of a receipt of Social Security Disability Benefits." Plaintiff's Brief (ECF No. 12, PageID.1343). Assuming that the memorandum is binding on the Court, "That memo instructs ALJs that 'the receipt of unemployment benefits does not preclude the receipt of Social Security disability benefits. The receipt of unemployment benefits is only one of many factors that must be considered in determining whether the claimant is disabled.'" *Davis v. Commissioner of Social Security*, No. 1:15-cv-0652, 2016 WL 3769406 at *5 (W.D. Mich. July 15, 2016) (quoting *Webster v. Colvin*, 2014 WL 4095341 at *9 (E.D. Tenn., Aug. 19, 2014)). Here, the ALJ did not rely on the receipt of unemployment benefits as precluding receipt of DIB; she properly considered it as one factor in evaluating plaintiff's credibility.

In addition, the ALJ properly found that plaintiff's daily activities were inconsistent with an incapacitating or debilitating condition. The ALJ noted that, "[Plaintiff] continues to drive, shop, go to doctors' appointments, and go to church every Sunday. She testified she is able to get up and down during the service." PageID.59. The ALJ also noted that plaintiff is able to attend to her personal care, prepare simple meals, perform household chores, manage her finances, and spend time with others. PageID.53. "An ALJ may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters*, 127 F.3d at 532. *See Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993) (a claimant's ability to perform household and social activities on a daily basis is contrary to a finding of disability).

Finally, plaintiff contends that her prior work history justifies the inference that she stopped working for the reasons asserted. Plaintiff's Brief at PageID.1344. As an initial matter, the ALJ "was not required to explicitly discuss [plaintiff's] work history when assessing [her]

10

credibility. *Dutkiewicz v. Commissioner of Social Security*, 663 Fed. Appx. 430, 433 (6th Cir. 2016). Nevertheless, the ALJ did consider plaintiff's work history, along with the other evidence of record, to determine that plaintiff did not suffer from disabling impairments. The Court finds no compelling reason to disturb the ALJ's credibility determination. *Smith*, 307 F.3d at 379. Accordingly, plaintiff's claim of error will be denied.

## IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.


Dated: March 27, 2018 /s/ Ray Kent
United States Magistrate Judge